Nicholas M. Pette, J.
Plaintiff brought this action to recover damages for personal injuries sustained when he was bitten by a police dog owned and harbored by defendant on an open lot which defendant used for the storage of second-hand and wrecked cars. The incident occurred in the daytime, while plaintiff was on the premises of the defendant for business purposes.
There was uncontradicted proof that on three different occasions the animal involved had bitten other persons and that it was kept by defendant as a watchdog. Accordingly there was ample evidence wherewith to charge the defendant with knowledge of the vicious propensities of the dog by reason of the prior bites, and with knowledge of the character of the animal since it was kept as a watchdog (Brice v. Bauer, 108 N. Y. 428, 432).
*517 The liability of an owner of a ferocious animal which attaches for injury done to a third person is absolute where such animal is kept with the owner’s knowledge of its ferocious propensities, and it is not shown that the person injured voluntarily or consciously did anything to bring about the injury. (See People v. Sandgren, 302 N. Y. 331 and cases there cited.)
The finding implicit in the jury’s verdict for the defendant that plaintiff voluntarily or consciously contributed to the causation of his injuries is against the weight of the credible evidence. Although plaintiff and his party were told to ‘£ watch out for the dog ” and plaintiff lagged behind his friends who accompanied defendant’s employee to the rear of the premises, he did not assume the risk of injury by proceeding between parked cars to look at one in which he had become interested. Notwithstanding the fact that the dog was chained to his doghouse by a chain eight feet long, it was permitted free rein within the radius of the chain, in which radius cars were exhibited for sale, including the one which attracted the plaintiff.
Moreover, the proper rule of liability was not clearly presented and was given to the jury, on plaintiff’s request, only after the trial court had initially submitted the case to the jury “asa negligence action.” Negligence, as that term is generally understood, is not a ground of liability in an action of this type (Muller v. McKesson, 73 N. Y. 195). As was stated in the latter case (p. 199): “It may be that, in a certain sense, an action against the owner for an injury by a vicious dog or other animal, is based upon negligence; but such negligence consists not in the manner of keeping or confining the animal, or the care exercised in respect to confining him, but in the fact that he is ferocious and that the owner knows it * * *. The negligence consists in keeping such an animal. ’ ’
Under the circumstances, plaintiff’s contentions did not have the fair consideration of the jury to which he was entitled and, therefore, a new trial is required in the interests of justice to permit a jury to decide the issues ‘1 without danger of confusion in their minds as to the law.” (Johnson v. Blaney, 198 N. Y. 312, 317; Fox v. Hindus, 268 App. Div. 916.)
The judgment should be reversed and a new trial ordered, with $30 costs to plaintiff to abide the event.
Hart and Brown, JJ., concur.
Judgment reversed, etc.