OPINION OF THE COURT
Herbert Kramer, J.
Has the adoption of the New York rule of comparative negligence and assumption of the risk (CPLR 1411) abrogated the absolute bar to recovery for damages in a dog bite case, where there is a defense of the plaintiff placing himself in harm’s way?
Secondly, is it within the trial court’s discretion, in the case at bar, to order a unified trial pursuant to the bifurcation rule in the Second Department? Both issues are of first impression.
FACTS
The plaintiff entered the defendant’s gas station to purchase tires and was directed by an attendant to look along the back bay area of an enclosed garage. The defendant kept a chained dog in the rear bay area of the garage where the tires were located. While standing in the back bay area, the defendant’s dog attacked the plaintiff without prior indication of the dog’s presence, injuring him in the process. There was testimony that persons were known to have been previously bitten by this animal.
*560 The jury returned a verdict for the plaintiff, but found the plaintiff to have been comparatively negligent.
DISCUSSION
In order to determine whether CPLR 1411 will apply, the court must examine the nature of the defense of harm’s way. If this is a defense sounding in assumption of risk, CPLR 1411 will apply.
Under common law, the owner of an animal or inanimate object was absolutely liable for any harm caused thereby. Those who kept vicious animals for their own purposes were required to protect the community, at their own peril, against any risk involved. (Putman v Payne, 13 Johns 312; Brown v Carpenter, 26 Vt 638.) Thus, strict liability was coextensive with the obvious risk. (Prosser, Torts [4th ed], § 76, p 496.) Moreover, negligence was presumed, if such animal caused harm. (May v Burdett, 9 QB 101 [1846].)
Under modern tort law, however, plaintiff must prove there was a dog bite, that the animal had vicious propensities, and that the owner or person responsible for the animal had or should have had knowledge of the animal’s vicious propensities (Restatement, Torts 2d, § 509). It thus appears that liability for a dog bite is not, strictly speaking, one sounding in negligence. (Molloy v Starin, 191 NY 21.)
Defenses including that of harm’s way are not necessarily predicated on the nature of the initial tort. (See 2A Weinstein-Korn-Miller, NY Civ Prac, par 1411.01 et seq.) The Restatement of Torts, Second, for example, recognizes that assumption of risk may apply to (1) negligence, (2) intentional torts, and (3) strict liability. (Cf. Restatement, Torts 2d, §§ 496A, 515, 892.)
The Restatement specifically recognizes the defense of both contributory negligence, which is not a bar, and assumption of risk, which is a bar to recovery as a result of a dog bite. (Restatement, Torts 2d, § 515.)
An examination of CPLR 1411 strikingly reveals that it is not limited to contributory negligence or assumption of risk, but includes culpable conduct in general. This court holds that the defense of harm’s way is thus within the *561 scope of such culpable conduct. Thus, CPLR 1411 applies despite the labeling of the defense as assumption of risk or other culpable conduct. (Micallef v Miehle Co., 39 NY2d 376.)
This court holds that CPLR 1411 does not expand the substantive law so as to add the defense of comparative negligence. Where the tort complained of does not allow for a defense of contributory negligence, the adoption of CPLR 1411 will not be the instrument of its creation. (Clark Operating Corp. v Yokley, 120 Misc 2d 631.) Thus, finding CPLR 1411 applicable, the next question to be determined is whether any evidence existed specifically to allow the question of such culpable conduct to have gone to the jury.
The court must consider whether the plaintiff fully understood the risk involved and whether he appreciated the circumstances. Except where expressly agreed, the plaintiff does not assume the risk unless he is aware of the facts, he appreciated the danger, nature, character, and extent which made the act unreasonable. Where some proof is elicited, the jury must determine this under the reasonable man standard. (Restatement, Torts 2d, § 496D; Scharf v Manson, 27 AD2d 613.)
The defendant bears the burden of proof as to the risk plaintiff allegedly assumed. He must prove either that the plaintiff, knowing of the animal’s vicious propensities, placed himself in harm’s way, or wantonly excited the animal. This would prove thereby that the plaintiff brought the injuries upon himself and therefore would, prior to CPLR 1411, bar complete recovery.
The defendant, however, will not be relieved from liability because of slight negligence contributed by the plaintiff in causing the injury. The defendant must prove that there was notice of the animal’s character (the vicious propensities), which would establish that the injured person voluntarily brought the injuries upon himself. (Muller v McKesson, 73 NY2d 195; Molloy v Starin, 191 NY 21, supra; Digrazia v Castronova, 48 AD2d 249; Lynch v McNally, 73 NY 347.)
In the instant case, no evidence was adduced at trial to indicate that plaintiff knew or should have known that any *562 dog was on the premises whatsoever. Therefore, not knowing of any risk, he could not have assumed such a risk or its consequences.
Thus, both contributory and comparative negligence are not bars to recovery for injuries sustained from a dog bite. Further, the act of placing oneself in harm’s way becomes, under CPLR 1411, a comparative defense in mitigation, rather than an absolute bar to recovery.
This court further holds that a dog bite case is similar to assault cases and must be tried in a unified manner. “In all negligence actions to recover damages for personal injury, the issues of liability and damages shall be severed and the issue of liability shall be tried first. In exceptional circumstances, for reasons to be stated in the record, where, in the discretion of the judge presiding over the calendar part, good cause exists as to why such a severance should not be granted, he may order a single trial on the issues of liability and damages.” (22 NYCRR 699.14 [a].)
The judicial policy behind the bifurcated trials is to facilitate settlement or other final disposition of cases at an earlier juncture in the trial process: (Mercado v City of New York, 25 AD2d 75.)
Before 1966, bifurcated trials were seldom granted. However, as stated in Culley v City of New York (25 AD2d 519, 520), “where the nature of the plaintiff’s injuries has an important bearing on the issue of liability, a separate trial should not be ordered.”
Therefore, where there is a serious question as to whether the defendant’s conduct was the proximate cause of the particular injury suffered, the court should consider the two items simultaneously and a bifurcated trial shall not be ordered. (Culley v City of New York, supra, p 521; Lowe v Board of Educ., 36 AD2d 952.)
Where the issue of liability and damages are so intertwined, justice will be better served by having a unified trial. (Curry v Moser, 89 AD2d 1.) In the case at bar, the location of the injuries on the plaintiff as well as the nature, extent, and gravity of the injuries are factors in determining liability defenses as well as damages. This posits a unified trial.
*563 This court holds that absent a determination of this issue by the calendar Judge, the Trial Judge may, and should, in the interests of justice, determine the issue of bifurcation if it should arise at the time of trial. This court further holds that in the case at bar circumstances dictated that the trial be conducted as a unified whole.