■ STEVEN RUSSELL, Respondent, v CONNIE LEPRE, Appellant. — In an action to recover damages for personal injuries resulting from a dog bite, defendant appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated March 15, 1983, as granted plaintiff's motion to set aside a jury verdict in favor of defendant on the issue of liability, and transferred the action to Trial Term, Part I, for reassignment. Order affirmed insofar as appealed from, with costs. The trial court correctly set aside the jury verdict in favor of defendant on the issue of liability. Viewing the evidence in the record presented herein in a light most favorable to defendant, the jury, on any "fair interpretation" of that evidence, could not have held in favor of defendant (see *Raudzens v New York City Tr. Auth.*, 85 AD2d 722, 723). The rule is well established that absolute liability attaches where personal injury results from the act of an animal found to have vicious propensities and its owner knows, or should have known, of those propensities. Liability attaches, notwithstanding the degree of care exercised by the defendant owner (see *People v Sandgren,* 302 NY 331, 339; *Muller v McKesson,* 73 NY 195). Nor is mere negligence on the part of the person injured a defense to such an action (see *Muller v McKesson, supra,* p 202; Restatement, Torts 2d, § 515). At bar, the proper rule of liability was not clearly presented to the jury. The trial court initially charged the jury on ordinary negligence, and only thereafter on absolute liability. Negligence, as that term is generally understood, is not a ground for liability in an action of this type. "It may be that, in a certain sense, an action against the owner for an injury by a vicious dog or other animal, is based on negligence; but such negligence consists not in the manner of keeping or confining the animal, or the care exercised in respect to confining him, but in the fact that he is ferocious and that the owner knows it * * * The negligence consists in keeping such an animal" (*Muller v McKesson, supra,* p 199). Accordingly, supported, *inter alia,* by evidence of the dog's "aggressive" nature and defendant's habit of keeping him muzzled and locked in the basement or backyard whenever visitors came, plaintiff's contentions did not receive fair consideration by the jury. A new trial is required to permit a jury to decide the issues " 'without danger of confusion in their minds as to the law' " (see *Silber v Seidler,* 19 Misc 2d 516, 517, quoting from *Johnson v Blaney,* 198 NY 312, 317). Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.

■ STATE BANK OF LONG ISLAND, Respondent, v M. P. S. INDUSTRIES, INC., Defendant, and STANLEY KIRSHENBAUM et al., Appellants. — Appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated March 16, 1983, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Said order is brought up for review and appellants' points concerning it have been considered on the appeal from the judgment entered April 22, 1983. Judgment of the same court (Roncallo, J.), entered April 22, 1983, affirmed. No opinion. Respondent is awarded one bill of costs. Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.