■ ROBERT LYNCH, an Infant, by His Father and Natural Guardian, BERNARD LYNCH, Appellant, v WILLIAM J. NACEWICZ, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Rosenthal, J.), dated October 8, 1985, which, after a jury trial in the County Court, Nassau County, for the Supreme Court, Nassau County, is in favor of the defendant and against him on the issue of liability.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the combined issues of liability and damages, with costs to abide the event.

The infant plaintiff sustained injuries as a result of having been attacked by the defendant's dog while he was visiting with the defendant's daughters, who were his playmates. The facts in this record present a close question of liability, and, in light of several errors committed at the trial, reversal is warranted.

It is well established that absolute liability attaches where

personal injury results from the act of an animal found to have vicious propensities, of which its owner knows, or should know. Liability is not dependent upon proof of negligence in the manner of keeping or confining the animal, but is predicated upon the owner's keeping of the animal, despite his knowledge of the animal's vicious propensities *(see, People v Sandgren,* 302 NY 331; *Muller v McKesson,* 73 NY 195; *Russell v Lepre,* 99 AD2d 489; *Appel v Charles Heinsohn, Inc.,* 91 AD2d 1029, *affd* 59 NY2d 741). In determining whether an animal has vicious propensities, the jury may consider, *inter alia,* the nature and result of the attack on the plaintiff *(see, DiGrazia v Castronova,* 48 AD2d 249, 252; *Perrotta v Picciano,* 186 App Div 781, 784; *Ford v Steindon,* 35 Misc 2d 339, 340; PJI 2:220).

The trial court's charge to the jury on liability, insofar as it was prefaced by an instruction as to basic principles of negligence, was thus erroneous. A new trial is required to permit the jury to decide the issues " 'without danger of confusion in their minds as to the law' " *(Silber v Seidler,* 19 Misc 2d 516, 517, quoting from *Johnson v Blaney,* 198 NY 312, 317; *see, Stoop v Kurtz,* 121 AD2d 529; *Russell v Lepre, supra).*

The trial court further erred in denying the plaintiff's request for a unified trial, since proof regarding the nature, extent and gravity of the injuries sustained has an important bearing on the issue of liability insofar as it was relevant to the jury's assessment of the dog's propensities *(see, Schwartz v Binder,* 91 AD2d 660; *Jacobs v Broidy,* 88 AD2d 904; *Leiner v First Wythe Ave. Serv. Sta.,* 121 Misc 2d 559).

Finally, the trial court improperly excluded evidence as to the severity of the injuries sustained by a prior alleged victim of an attack by the subject dog and the treatment thereby necessitated, since this evidence was probative of both the dog's vicious propensities and the defendant's knowledge of those propensities. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.