■ MARK SILVA, an Infant, by ALBERTO SILVA, His Father and Natural Guardian, et al., Respondents, v ALBERT MICELLI et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Albert Micelli and Theda A. Court, as Administratrix of the Estate of Michael Court, separately appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated October 20, 1989, which, upon a jury verdict finding the defendant Albert Micelli 25% at fault in the happening of the accident, Michael Court 65% at fault in the happening of the accident, and the plaintiff Mark Silva 10% at fault in the happening of the accident, and finding that the infant plaintiff suffered damages in the amount of $275,000, is in favor of the infant plaintiff in the principal sum of $247,500.

Ordered that the judgment is affirmed, with one bill of costs.

The 13-year-old plaintiff Mark Silva sustained injuries when a dog darted out from the yard behind Michael Court's home and chased him into the street, where he was struck by the defendant Micelli's car. At the trial, the plaintiffs maintained that Michael Court was negligent in the keeping of his dog, as evidenced by a local ordinance prohibiting the owners of dogs from letting them run "at large". Michael Court asserted that the dog who chased the infant plaintiff was not his, because his dogs were confined in his house at the time of the incident.

On appeal, Theda A. Court, as Administratrix of the Estate

of Michael Court, contends that the jury's finding that the dog involved in the incident belonged to Michael Court is against the weight of the evidence. We disagree. It is well settled that issues regarding the credibility of witnesses and the accuracy of their testimony are primarily for the jury to determine and its verdict should not be set aside if it could have been reached by any fair interpretation of the evidence (see, Frangello v Namm, 157 AD2d 649; Nicastro v Park, 113 AD2d 129). The evidence in this case supports the jury's determination that the dog in question belonged to Michael Court. The plaintiffs' witnesses' descriptions of the dog generally matched the appearance of one of Michael Court's dogs. Moreover, the infant plaintiff's cousin, who was present at the time of the accident, identified the dog as one of Michael Court's dogs. That witness was familiar with Michael Court's dogs because he had seen them in Michael Court's backyard on several occasions two years earlier. Further, the fence surrounding Michael Court's backyard, where the dogs were sometimes permitted to run loose, contained a removable section, which was used for entry into the yard. At the time of the accident, the infant plaintiff and his cousin saw the dog in question run from the vicinity of the removable section of Michael Court's fence. Upon this evidence, the jury was warranted in rejecting the defendants' witnesses' testimony and crediting that of the plaintiffs' witnesses.

The trial court properly rejected Michael Court's efforts to elicit testimony regarding the temperament of his dogs. This evidence was not relevant because the theory of liability against him was one sounding in ordinary negligence in the manner of keeping the animals, and did not relate to a strict liability claim regarding harboring an animal with knowledge of its vicious propensities (see, Lynch v Nacewitz, 126 AD2d 708; Morales v Quinones, 72 AD2d 519).

The award of $275,000 for pain and suffering to the infant plaintiff was not excessive. The infant plaintiff sustained, inter alia, a comminuted fracture of the midshaft of the left tibia as well as a transverse fracture of the left fibula with moderate posterior lateral displacement of the fracture fragments, for which he was subjected to three extremely painful manipulation procedures, and underwent two operations. At the time of trial, the infant plaintiff still suffered from pain and tenderness in the affected area, as well as a "giving way" of and "clicking" in his knee, which have caused him to limit his activities. The plaintiffs' medical expert attributed the infant plaintiff's condition to an incomplete recovery and an atrophy

of the injured leg, which he opined were permanent conditions which constituted a partial disability *(see, Menga v Raquet, 150 AD2d 434; Reger v Long Is. R. R. Co.,* 145 AD2d 618).

We have examined the defendants' remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.