OPINION OF THE COURT
Howard Miller, J.
The infant plaintiff, while attending a preschool program, *416 fell from a slide. Plaintiff now requests the court to charge the jury that the standard of care owed by the play school to the infant plaintiff was that of a prudent parent, a more protective duty than that of ordinary reasonable care.
The classic measure of care owed by a school toward children in attendance was enunciated in Hoose v Drumm (281 NY 54, 58), and is the care "a parent of ordinary prudence would observe in comparable circumstances” (Lawes v Board of Educ., 16 NY2d 302, 305). The rationale for the heightened duty of care arises from the nature of the school’s compulsory custody over the child (Mirand v City of New York, 84 NY2d 44; Pratt v Robinson, 39 NY2d 554). Once a parent has been compelled by statute to surrender a child to the custody of school personnel, the school is properly required to give the child the protection of a prudent parent. When that statutory custody ceases, however, the school’s custodial duty also ceases (Pratt v Robinson, 39 NY2d 554). Thus children participating in "wholly voluntary * * * intramural, interscholastic and other school-sponsored extracurricular athletic endeavors” are owed "the less demanding ordinary reasonable care standard.” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 656.)
The court has been unable to locate any cases specifically addressing the standard of care applicable to preschool programs which are not required to be licensed or registered with the Department of Social Services. Thus, in considering the standard to be applied, the court has considered the exigencies of modern-day life which compel parents to surrender custody of their children of tender years into preschool programs. While such programs are not statutorily mandated, they have come into being in response to the needs of working parents and the recognized socialization needs of very young children. Parents would clearly not expect that the care to be taken of such young children would be less than that afforded by a reasonably prudent parent. The lesser duty of reasonable care as set forth in Benitez v New York City Bd. of Educ. (supra), while appropriate to extracurricular sporting events involving older children, cannot be extrapolated into the preschool arena to lessen the care owed the most vulnerable members of our society.
The court will charge that the duty owed by the play school was that of a reasonably prudent parent.