■ CHARLOTTE LISI et al., Appellants, v MRP HOLDINGS, INC., et al., Respondents. [656 NYS2d 293] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 17, 1996, which, upon granting the motion of the defendant MRP Holdings, Inc., for judgment as a matter of law, dismissed the complaint and all cross claims insofar as asserted against that defendant, (2) a judgment of the same court, entered January 18, 1996, which, upon granting the motion by the defendants Linda Franz and William DeWitt for judgment as a matter of law, dismissed the complaint and all cross claims insofar as asserted against those defendants, and (3) a judgment of the same court, entered January 22, 1996, which dismissed the complaint and all cross claims as against the defendants MRP Holdings, Inc., Linda Franz, and William DeWitt.

Ordered that the appeals from the judgments entered January 17, 1996, and January 18, 1996, are dismissed, as those

judgments were superseded by the judgment entered January 22, 1996; and it is further,

Ordered that the judgment entered January 22, 1996, is modified, on the law, by deleting the provision thereof dismissing the complaint against the defendant Linda Franz, and a new trial against that defendant is granted; as so modified, the judgment is affirmed; and it is further,

Ordered that MRP Holdings, Inc. is awarded one bill of costs payable by the plaintiffs.

The plaintiff Charlotte Lisi was shopping in a Pergament Home Center store located in Huntington Station, New York, owned and operated by the defendant MRP Holdings, Inc., when she was knocked to the floor by a dog, owned by the defendant Linda Franz, running loose through the store. The defendant William DeWitt, Franz's friend, noticed that Franz's sons were having difficulty controlling the dog and he chased the dog from Franz's residence, some 2,000 feet away, into the store trying to catch it.

The trial court properly dismissed the complaint and cross claims insofar as asserted against the defendants MRP Holdings, Inc., and DeWitt. MRP Holdings, Inc. had a general duty to maintain the store in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries (see, Binensztok v Marshall Stores, 228 AD2d 534) and the plaintiffs failed to establish that the store breached that duty. Nor did the plaintiffs establish any basis for the imposition of liability on DeWitt.

As to the defendant Franz, however, we find it was error for the trial court to dismiss the complaint prior to submitting the case to the jury.

Section 78-3 of the Town of Huntington Code, entitled "Running at large prohibited" provides: "Any person owning, possessing or harboring any dog in the Town of Huntington shall be responsible for restraining and keeping said dog on his property, and it is hereby declared unlawful for said dog to run at large or to stray upon any private property, public highway, street, sidewalk or other public area in the Town of Huntington."

The plaintiffs were entitled to have the jury consider whether Franz violated this ordinance and, if so, whether such violation was a proximate cause of the accident. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.