■ Hazel McCullough et al., Respondents, v Russell Maurer et al., Appellants. [702 NYS2d 622] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated July 20, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff was walking her dog in a park when the defendants' dogs ran toward her unrestrained and dragging their leashes. The defendants' dogs jumped on the injured plaintiff's dog and, in the ensuing confusion, the injured

plaintiff became entangled in the leashes and fell, injuring herself.

Contrary to the defendants' contentions, the plaintiffs herein are not seeking to recover damages on the theory that the defendants are strictly liable because they were aware of their dogs' vicious propensities. Rather the plaintiffs allege that the defendants were negligent because they violated a local regulation, and the violation was a proximate cause of the injured plaintiff's fall. The regulation in question states: "No dog shall be permitted to run at large in any public street, public park or public place unless restrained by a chain or leash and in charge of and under the control of a competent person" (Beacon Town Code § 99-6 [A]). There is a question of fact as to whether the defendants violated this regulation and whether the violation was a proximate cause of the plaintiff's injuries (see, Lisi v MRP Holdings, 238 AD2d 316, 317; Silva v Micelli, 178 AD2d 521; Stoop v Kurtz, 121 AD2d 529). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment.

We have not considered the defendants' arguments as to the plaintiffs' claim of negligent entrustment since this issue was improperly raised for the first time in the reply papers submitted on the motion for summary judgment (see, Fischer v Edward M. Weiland, M.D., P. C., 241 AD2d 439).

The defendants' remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Florio, JJ., concur.