■ LIA MASSIMO, an Infant, by Her Father and Natural Guardian, MARK MASSIMO, et al., Respondents, v VINCENT MONFREDO et al., Appellants. [707 NYS2d 356] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 26, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

Where, as here, the plaintiffs seek to recover in strict liability in tort for a dog bite, the plaintiffs must prove that the dog has vicious propensities and that the owner knew or should have known of such propensities (*see, Strunk v Zoltanski,* 62 NY2d 572; *Lugo v Angle of Green,* 268 AD2d 567).

In opposition to the defendants' motion, in which they made a prima facie showing of their entitlement to summary judgment, the plaintiffs failed to come forward with proof in evidentiary form that the dog had ever bitten anyone or exhibited any vicious propensities. The plaintiffs' contention that triable issues of fact were raised by the name and breed of the dog and a hearsay statement allegedly made by the only other witness to the incident, is wholly speculative, and therefore, insufficient to raise a triable issue of fact that prior to this incident the dog demonstrated any fierce or hostile tendencies (*see, Zuckerman v City of New York,* 49 NY2d 557). Similarly, by

themselves, the photographs depicting the nature, extent, and gravity of the injuries fail, under the circumstances of this case, to establish that the dog had vicious propensities. Accordingly, the defendants are entitled to summary judgment. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.