[732 NYS2d 424]

Joseph D. Colarusso, Respondent-Appellant, v Michael P. Dunne et al., Appellants-Respondents.

Second Department, November 5, 2001

## APPEARANCES OF COUNSEL

*McCabe & Mack, L. L. P.,* Poughkeepsie (*Matthew V. Mirabile* and *Gerianne Hannibal* of counsel), for appellants-respondents.

*Lieberman & Lebovit & Brofman,* Yorktown Heights (*Mitchell Lieberman* of counsel), for respondent-appellant.

## OPINION OF THE COURT

RITTER, J. P.

When a three-year-old child bear hugs a pet labrador retriever owned by his day care provider and the dog bites the child as the provider calls out to the child to leave the dog alone, can there be a recovery by the child in an action alleging negligence even though there is no evidence that the dog previously exhibited vicious propensities? We hold that this issue cannot be summarily determined and that questions of fact warrant submission of this case to a jury.

In June 1998, the defendant Francesca Dunne and her husband, the defendant Michael Dunne, operated a day care center, Dandilion Day Care (hereinafter Dandilion), out of their home. The plaintiff Joseph Daniel Colarusso, then approximately three years old, attended Dandilion. On June 30, 1998, the plaintiff was bitten on the face by Daisy, the Dunne family dog, a pure bred labrador retriever weighing approximately 75 pounds. At an examination before trial, Francesca testified that Daisy, who was trained by the defendants, was mainly a house dog, although the yard was fenced in and she had free rein to go where she wanted. On the day in question, there were a total of six children in the center, ranging in ages from two to four years old. At around 10:30 A.M., the children went out on the deck to play. Francesca was sitting at a table inside the house approximately two feet from a sliding door to the deck, doing paperwork and going through mail and bills. Just prior to the incident, Daisy walked onto the deck. The plaintiff went up to Daisy, who was sitting, and "bear hugged" her around the neck, coming face-to-face with the animal. Francesca testified: "I told [the plaintiff] to leave Daisy alone. And at that, Daisy moved and [the plaintiff] was crying." At the time, Francesca was approximately 10 feet from Daisy and the plaintiff. When Francesca took the plaintiff inside to get him a glass of juice, she noticed there was a cut and some bleeding above, and later below, his eye. Francesca testified that there had been no prior incidents with Daisy concerning anyone on the premises, and that, although Daisy would bark at strangers at the door, she did not growl or jump on people. Indeed, Francesca asserted at the time of her deposition in February 1999 that the defendants still owned Daisy and that there had not been another incident.

The plaintiff commenced this action seeking to recover damages arising from strict liability and common-law negligence. He alleged, *inter alia,* that Daisy had vicious propensities, and that the defendants had failed to provide adequate supervision. The plaintiff moved for summary judgment on the issue of liability and to dismiss the defendants' affirmative defenses of assumption of the risk and comparative negligence. The plaintiff argued, *inter alia,* that it could be determined as a matter of law that the defendants failed to provide adequate supervision, and that he was too young to have either assumed the risk of his injuries or to have been comparatively negligent. The defendants cross-moved for summary judgment dismissing the complaint. The defendants argued that it could be determined as a matter of law that Daisy did not possess vicious propensities, and that such proof was necessary to recover damages arising from the bite on any theory. In the order appealed from, the Supreme Court, *inter alia,* denied the plaintiff's motion to dismiss the affirmative defenses, and denied the defendants' cross motion for summary judgment dismissing the complaint, finding issues of fact as to the plaintiff's claim of common-law negligence. We modify.

On appeal, the plaintiff does not pursue his argument that Daisy had vicious propensities and that, therefore, the defendants may be held strictly liable for his injuries (*see, Molloy v Starin,* 191 NY 21; *Lynch v McNally,* 73 NY 347; *Muller v McKesson,* 73 NY 195; *Dickson v McCoy,* 39 NY 400; *Finney v Fraioli,* 281 AD2d 389; *Goldberg v Aaron,* 272 AD2d 294; *Lynch v Nacewicz,* 126 AD2d 708). Indeed, there is no proof on the record that Daisy possessed or demonstrated vicious propensities. However, contrary to the defendants' contention, proof of vicious propensities is not required in all cases to recover for injuries arising from a dog bite. Rather, where the conduct at issue, although not vicious, results in reasonably-foreseeable injury, the courts have recognized a right to recover for common-law negligence (*see, Hyland v Cobb,* 252 NY 325; *Dickson v McCoy, supra; St. Germain v Dutchess County Agric. Socy.,* 274 AD2d 146; *Silva v Micelli,* 178 AD2d 521; *Stoop v Kurtz,* 121 AD2d 529; *Panzer v Harding,* 118 AD2d 842; *Kennet v Sossnitz,* 260 App Div 759, *affd* 286 NY 623). The cases relied on by the defendants for the proposition that vicious propensities must always be demonstrated (*see, Craig v Reed,* 272 AD2d 288; *Massimo v Monfredo,* 272 AD2d 306; *Lugo v Angle of Green,* 268 AD2d 567; *Russell v Lepre,* 99 AD2d 489), are distinguishable. In the cases cited, unlike the case at

bar, strict liability was the sole theory pursued. Here, the plaintiff also seeks recovery for damages based on common-law negligence. Pursuant to general principles governing a negligence claim, there must be a duty owed the plaintiff by the defendant and a breach of that duty (*see, Turcotte v Fell,* 68 NY2d 432; *Pulka v Edelman,* 40 NY2d 781). In the oft-quoted language of *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 344), "[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." Thus, liability in negligence arises when a defendant owes a plaintiff a duty of care and is negligent in taking reasonable measures to prevent injury arising from conduct that is reasonably foreseeable (*see, Gordon v City of New York,* 70 NY2d 839; *Kush v City of Buffalo,* 59 NY2d 26). By contrast, even the most elaborate and extensive measures will not avoid strict liability for injuries arising from a dog's known vicious propensities (*see, Muller v McKesson, supra; Russell v Lepre, supra*). Accordingly, here, our focus is whether the action of the plaintiff, and Daisy's response, were sufficiently foreseeable to put the defendants on notice that such an encounter might be anticipated. This inquiry raises issues of fact.

The defendants, as providers of day care services, owed the plaintiff the same duty of care and supervision owed by a reasonably prudent parent under the circumstances (*see, Espinal v 570 W. 156th Assocs.,* 174 Misc 2d 860, *affd* 258 AD2d 309; *Enright v Busy Bee Playschool,* 164 Misc 2d 415; *see generally, Lawes v Board of Educ.,* 16 NY2d 302). Further, as such, a jury might find that they are charged with the knowledge that a young child such as the plaintiff may interact with a dog in a fearless manner that befits a child's lack of capacity to fully understand the foreseeable consequences of such conduct; that is, that such conduct may be injurious or threatening to the dog and, if so, that the dog, even a docile and well-trained one, may instinctively engage in defensive action such as biting. Here, Francesca's calling out to the plaintiff to leave Daisy alone just before he was bitten may be found by a jury to be evidence that she was in fact aware of the possibility of such a response by Daisy. Accordingly, the dismissal of the defendants' affirmative defenses of assumption of the risk and comparative negligence is warranted (*see, Smith v Sapienza,* 115 AD2d 723; *Pisciotta v Parisi,* 155 AD2d 422). In sum, there are questions of fact whether the defendants breached the duty of care owed the plaintiff by failing to take reasonable measures to prevent

the interaction at issue and, if so, whether such a breach was a proximate cause of the damages alleged.

Therefore, the order is reversed insofar as cross-appealed from, that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defenses of comparative negligence and assumption of risk is granted, and the order is affirmed insofar as appealed from.

RITTER, J. P., S. MILLER, McGINITY and TOWNES, JJ., concur.

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defenses of comparative negligence and assumption of the risk is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.