■ F. Brice Faller, Appellant, v William G. Schwartz, Respondent. [756 NYS2d 641] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 27, 2002, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, entered May 22, 2002, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered March 27, 2002, is dismissed, as that order was superseded by the order entered May 22, 2002, made upon reargument; and it is further,

Ordered that the order entered May 22, 2002, is reversed insofar as appealed from, on the law, the order entered March 27, 2002, is vacated, the motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was injured when a dog owned by the defendant ran into the street and collided with the motorcycle the plaintiff was operating. At the time of the accident, local regulations stated that no dog was allowed to be "at large," which included being unleashed on property owned by the public (see Code of Village of Croton-On-Hudson §§ 108-4, 108-6). The dog in question was unleashed and unattended after having escaped from the defendant's enclosed property. There is also evidence that the dog escaped on many prior occasions. The

plaintiff pleaded, inter alia, a cause of action alleging that the defendant was negligent for failing to leash his dog, or secure it on his property, in violation of the local ordinance.

Contrary to the defendant's contention, where the conduct at issue, although not vicious, results in a reasonably foreseeable injury, a right to recover for common-law negligence may be found (see Colarusso v Dunne, 286 AD2d 37, 39 [2001]). We note there is no presumption of negligence (see Young v Wyman, 76 NY2d 1009 [1990]). However, under the facts of this case, the plaintiff raised an issue of fact as to whether the defendant violated the local ordinance and, if so, whether the violation was a proximate cause of the plaintiff's injuries (see Colarusso v Dunn, supra; McCullough v Maurer, 268 AD2d 569, 570 [2000]; Clo v McDermott, 239 AD2d 4 [1998]; Lisi v MRP Holdings, 238 AD2d 316, 317 [1997]; Silva v Micelli, 178 AD2d 521 [1991]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.