■ CHERYL DELMONTE, Appellant, v KEVIN TIGHE et al., Defendants, and JOANNE TIGHE, Respondent. [768 NYS2d 634]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated August 9, 2002, as granted the motion of the defendant Joanne Tighe for leave to reargue that branch of her prior motion which was for summary judgment dismissing the cause of action to recover damages for negligence, which was denied by order of the same court dated April 3, 2002, and upon reargument, granted that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the motion of the defendant Joanne Tighe (hereinafter the respondent) for leave to reargue (*see generally McGill v Goldman,* 261 AD2d 593, 594 [1999]; CPLR 2221 [d]). Upon reargument, the Supreme Court properly granted summary judgment to the respondent with respect to the negligence cause of action.

There are limited circumstances in which relief may be granted under a negligence theory of recovery, rather than strict liability, for injuries caused by an animal (*see St. Germain v Dutchess County Agric. Socy.,* 274 AD2d 146, 149-150 [2000]; *Schwartz v Erpf Estate,* 255 AD2d 35 [1999]). "[W]here the conduct at issue, although not vicious, results in reasonably-foreseeable injury, the courts have recognized a right to recover for common-law negligence" (*Colarusso v Dunne,* 286 AD2d 37, 39 [2001]).

The defendant made a prima facie showing that the injury was not reasonably foreseeable under the circumstances (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

We note that the plaintiff's remaining contention is stricken from her brief by separate order of this Court. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.