JOHN SCOTTO, Appellant, v LUIGI MARRA, Respondent, et al., Defendants. [806 NYS2d 603]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated November 4, 2004, which granted the motion of the defendant Luigi Marra, in effect, for summary judgment dismissing the supplemental verified complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the

motion is denied, and the supplemental verified complaint is reinstated insofar as asserted against the respondent.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he was bitten by two dogs owned by the defendant Luigi Marra. The two dogs, which were unleashed and running loose, attacked the plaintiff as he was walking his own dog on a public street.

The Supreme Court erred in granting Marra's motion for summary judgment dismissing the supplemental verified complaint insofar as asserted against him since he failed to submit evidence in admissible form to establish his entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Marra failed to establish that the unsigned deposition transcripts of the various witnesses submitted in support of the motion were forwarded to them for their review pursuant to CPLR 3116 (a). Hence, the transcripts were not admissible (see *Santos v Intown Assoc.,* 17 AD3d 564, 565 [2005]; *Lalli v Abe,* 234 AD2d 346 [1996]; *Palumbo v Innovative Communications Concepts,* 175 Misc 2d 156 [1997], *affd* 251 AD2d 246 [1998]).

Even if the transcripts had been admissible, the plaintiff nevertheless raised a triable issue of fact as to whether Marra could be liable under a negligence theory, since he admitted to a violation of Village of Valley Stream Code § 4-11, which requires that a dog off the premises of the owner be restrained by a leash and fitted with a muzzle. The plaintiff's submissions were sufficient to raise a triable issue of fact as to whether Marra violated this ordinance and whether the violation was a proximate cause of his injuries (see *Faller v Schwartz,* 303 AD2d 624 [2003]; *McCullough v Maurer,* 268 AD2d 569 [2000]; *Lisi v MRP Holdings,* 238 AD2d 316 [1997]). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.