■ MICHAEL FASANO, Appellant, v RAMON COLON, Defendant, and LENNIE ZICORELLA, Respondent. [812 NYS2d 610]—

In an action to recover damages for personal injuries, the plaintiff appeals from a resettled order of the Supreme Court, Orange County (Horowitz, J.), dated October 17, 2005, which granted the motion of the defendant Lennie Zicorella pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the resettled order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Lennie Zicorella.

The plaintiff commenced this action against the owners of two dogs that attacked his pet cat while the dogs were running unleashed on a public street. The plaintiff was injured while attempting to separate and protect his cat from the dogs. The plaintiff's verified complaint asserted causes of action sounding in negligence, strict liability, and a violation of the local leash ordinance.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]; *Roth v Goldman*, 254 AD2d 405, 406 [1998]). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon v Martinez, supra*).

Viewing the allegations of the plaintiff's verified complaint and bill of particulars under these guidelines, he sufficiently stated causes of action to recover damages for personal injuries under theories of strict liability, negligence, and violation of the

local leash ordinance (*see Strunk v Zoltanski,* 62 NY2d 572 [1984]; *McCullough v Maurer,* 268 AD2d 569 [2000]; *Silva v Micelli,* 178 AD2d 521 [1991]; *Pollard v United Parcel Serv.,* 302 AD2d 884 [2003]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.