■ ERNESTO ARBANIL, Appellant, v CHARLES E. FLANNERY et al., Respondents, et al., Defendant. [819 NYS2d 91]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), dated November 17, 2004, which granted the motion of the defendants Charles E. Flannery and

Annmarie C. Flannery for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

The plaintiff allegedly sustained injuries when a dog owned by the defendants Charles E. Flannery and Annmarie Flannery (hereinafter the defendants) ran out into the street from their property, causing the plaintiff, who was riding a mountain bike, to make a sudden stop and fall to the ground. At the time of the accident, the local ordinance stated that it was unlawful for owners of dogs to allow their dogs to be "at large" or to "chase or otherwise harass any person in such a manner as to cause reasonable intimidation or to put such person in reasonable apprehension of bodily harm or injury" (Code of Town of East Hampton § 86-5 [B] [1], [4]). It was not uncommon for the defendants' dog to roam around within two blocks of their residence. The plaintiff alleged that the defendants were negligent in the manner in which they kept their dog in that they violated the local ordinance.

Where, as here, a plaintiff alleges a cause of action sounding in ordinary negligence, the salient issue is not whether the defendant had prior notice of the dog's vicious propensities. Rather, the issue is whether the defendant breached a duty of care owed to the plaintiff by negligently failing to prevent a foreseeable injury (*see Colarusso v Dunne*, 286 AD2d 37 [2001]; *Silva v Micelli*, 178 AD2d 521 [1991]). Under the facts of this case, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Faller v Schwartz*, 303 AD2d 624 [2003]). Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.