■ TRACEY PANZER et al., Appellants, v MAURIE HARDING et al., Respondents.—In an action to recover damages for personal injuries, etc., resulting from a dog bite, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Isseks, J.), dated January 11, 1985, which is in favor of the defendants, upon a jury verdict.

Judgment affirmed, without costs or disbursements.

The undisputed testimony that, prior to biting the infant

plaintiff, the defendants' dog liked to play with and was gentle with children, had neither bitten anyone, nor had been the subject of any complaint, had played with the infant plaintiff the night before the incident in question and then slept at the foot of the infant plaintiff's sleeping bag, and the infant plaintiff's testimony that the dog was "nice", fairly interpreted, supports the jury's finding in favor of the defendants (see, Olsen v Chase Manhattan Bank, 10 AD2d 539, affd 9 NY2d 829).

We note that the trial court, although properly charging the jury on both of the plaintiffs' theories of liability, i.e., strict liability for keeping a dog of known vicious propensities and negligence, gave the jury a verdict sheet which, with reference to liability, required the jury to determine only if the defendants were negligent. While this was clearly error, no objection was taken to the verdict sheet, and, in light of all the evidence adduced at the trial, particularly the absence of any evidence of vicious propensities or knowledge thereof, and the testimony concerning the dog's gentle nature and history, we do not find the omission to be an error so fundamental, or the effect upon the plaintiffs' case to be so egregious, as to require a new trial (cf. Ferreira v New York City Tr. Auth., 79 AD2d 596; Caceres v New York City Health & Hosps. Corp., 74 AD2d 619). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.