■ Jonathan Stoop et al., Appellants, v Arthur F. J. Kurtz, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roberto, J.),

entered June 6, 1985, which dismissed their complaint, after a jury trial.

Judgment reversed, in the interest of justice, without costs or disbursements, and new trial granted.

This action arose out of an incident in which the defendant's dog ran into the infant plaintiff, fracturing his leg. The action was based on theories of ordinary negligence and strict liability for injuries caused by an animal known to have vicious propensities. The plaintiffs requested that the jury be charged on both theories, and the jury was in fact charged according to their request with respect to ordinary negligence, and properly charged as to strict liability pursuant to PJI 2:220. However, the trial court's charge failed to make it clear that there were two distinct and separate theories of liability being charged. The instructions on the two theories followed each other, with no indication that the subsequent instructions dealt with a distinct theory of liability. To further compound the problem, the verdict sheet only asked questions concerning the strict liability theory. No objection was raised with respect to the verdict sheet, and although portions of the charge were objected to, no objection to the charge was made on the ground that it was confusing or failed to clearly delineate the two theories of liability. However that may be, the plaintiffs' contentions did not receive fair consideration by the jury. Consequently, a new trial is required in order that a jury may decide the issues without the danger of confusion in their minds as to the applicable law (see, Russell v Lepre, 99 AD2d 489; cf. Panzer v Harding, 118 AD2d 842). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.