OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was charged in a six-count indictment with attempted murder in the first degree as the top count. The indictment was based on the defendant’s alleged attempt to rob a gas station with an accomplice, his alleged commandeering of a police car in which his captured accomplice was held and his shooting at the officer driving the car.
At trial, defendant interposed the defense of mental disease or defect under Penal Law former § 30.05. To rebut testimony on that issue, the prosecution introduced evidence that the defendant, in response to Miranda warnings, asserted his right to remain silent and requested an attorney. Over defense counsel’s generalized objections the People’s lines of inquiry were allowed. On appeal from his conviction, defendant contends that he was denied due process of law by the trial court’s rulings with respect to his silence and to his request for an attorney on the issue of his sanity. Defense counsel’s objection to the testimony in these respects did not adequately alert the Trial Judge to defendant’s present arguments so as to preserve those issues for our review.
Defendant also claims that an alleged pervasive use of the prosecutor’s peremptory challenges to excuse black prospective jurors violated his right to trial by an impartial jury and that the recently mandated procedural safeguards announced in Batson v Kentucky (476 US 79, 106 S Ct 1712) *777 require a reversal and new trial. The instant case is before us on a grant of leave to appeal by a Judge of this court after reconsideration of a denial of that relief prior to the United States Supreme Court ruling in Batson (supra). Batson is not applicable to a case where the normal appellate process has been exhausted, as occurred here (People v Torres, 53 NY2d 213), and it is not mandated by Federal constitutional retroactivity principles (see, Allen v Hardy, 478 US —, 106 S Ct 2878; see also, Griffith v Kentucky and Brown v United States, 479 US —, 93 L Ed 2d 649).
Lastly, we do not consider defendant’s argument that inasmuch as Penal Law § 125.27 has been found unconstitutional Penal Law § 110.05 must also be deemed unconstitutional. This contention was improperly raised for the first time in appellant’s reply brief to this court (see, State Farm Fire & Cos. Co. v LiMauro, 103 AD2d 514, 521-522, affd 65 NY2d 369; 22 NYCRR 500.7 [a] [2] [prohibiting sur reply briefs]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.