■ ALBERT DeMEO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered January 24, 1990, which, upon a jury verdict, is against it and in favor of the plaintiff Albert DeMeo in the principal sum of $4,100,000 (representing $2,000,000 for past

conscious pain and suffering, $104,490 for past medical expenses, $24,480 for past loss of income, $925,000 for future conscious pain and suffering, $930,830 for future medical and home health aide expenses, and $115,200 for future loss of income), and in favor of the plaintiff Elizabeth DeMeo in the principal sum of $150,000 on her derivative claim.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) reducing the amount awarded to the plaintiff Albert DeMeo to the principal sum of $1,175,000, representing damages for past medical expenses, past loss of income, future medical and home health aide expenses, and future lost of income, and adding thereto a provision severing the plaintiff Albert DeMeo's claims for damages for past and future conscious pain and suffering, and granting a new trial with respect thereto unless the plaintiff Albert DeMeo serves and files in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by him consenting to decrease the award of damages for past conscious pain and suffering to the principal sum of $500,000, and the award for future conscious pain and suffering to the principal sum of $175,000, (2) deleting from the second decretal paragraph thereof the provision computing the interest to be awarded the plaintiff Elizabeth DeMeo and awarding her a total of $201,000, purportedly representing the principal sum of her award plus interest, and (3) deleting the fourth and fifth decretal paragraphs thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment in favor of the plaintiff Elizabeth DeMeo; and it is further,

Ordered that the plaintiff Albert DeMeo's time to serve and file the stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event the plaintiff Albert DeMeo so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment in favor of both of the plaintiffs.

We conclude, based upon our review of the record, that any award in excess of $500,000 for the plaintiff Albert DeMeo's past pain and suffering, and any award in excess of $175,000 for the plaintiff Albert DeMeo's future pain and suffering, would deviate materially from what would constitute reasonable compensation (see, CPLR 5501 [c]). The defendant is,

therefore, entitled to a new trial as to damages for past and future conscious pain and suffering, unless the plaintiff Albert DeMeo stipulates to reduce the amount of the verdict accordingly.

We further note that the total amount awarded to Elizabeth DeMeo ($201,000, purportedly representing the sum of $150,000 plus $5,100 in interest), was improperly calculated. Therefore, an appropriate amended judgment must be entered with respect to her.

Further, in the event the plaintiff Albert DeMeo stipulates to the reduction in damages, an amended judgment must also be entered with respect to him. Therefore, we need not address the defendant's contention with respect to the proper calculation of interest. This contention is also not properly before us, because it was raised for the first time in the defendant's reply brief (see, People v Ford, 69 NY2d 775, 777; State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 521, affd 65 NY2d 369).

We have considered the defendant's remaining contentions, and find them to be without merit. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.