■ LILLIAN OCHACHER, Appellant, v JAMAICA BAY RIDING ACADEMY, Respondent. [608 NYS2d 449] —Judgment, Supreme Court, Kings County (Joseph Dowd, J.), entered September 19, 1991 upon a verdict in favor of defendant dismissing plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff instituted this action to recover damages for injuries allegedly sustained when she fell off one of defendant's horses. Upon review of the evidence, we conclude that the jury could have reasonably found that plaintiff failed to meet her burden of demonstrating defendant knew or should have known of the animal's vicious propensities or that the horse was unsuitable (Beers v Elebash, 186 AD2d 515, lv denied 81 NY2d 706).

We have reviewed plaintiff's claims concerning the court's jury instructions concerning liability and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO PAEZ, Appellant. [608 NYS2d 450] —Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered December 19, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 3 years to life, unanimously affirmed.

Evidence at the hearing was that the police, responding to a report of a domestic dispute, were told by the man who answered the door that everything was allright, but then, after asking whether the "lady of the house" was home, were invited into the apartment and pointed toward the bedroom where the only woman present was standing in the doorway. We agree with the hearing court that despite the assurances of the man who answered the door, the police were justified in entering the bedroom to speak to this woman and determine whether she was safe. Since the police were lawfully in the room, their discovery of weapons and contraband in plain view was not the result of an illegal search and seizure, and the ensuing search of the room and security check of the premises, resulting in the discovery of additional weapons and contraband, was not violative of defendant's Fourth Amendment rights (see, People v Hollman, 79 NY2d 181). Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.