■ In the Matter of COMMERCE HOLDING CORP., Respondent, v BOARD OF ASSESSORS OF THE TOWN OF BABYLON et al., Appellants. [628 NYS2d 186] —In a proceeding pursuant to Real Property Tax Law article 7 to review the real property tax assessment of a parcel of real property for the tax years 1986-1987 through 1991-1992, the Board of Assessors and the Board of Assessment Review of The Town of Babylon appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), dated May 18, 1993, which, after a non-jury trial, granted the petition and reduced the assessments.

Ordered that the order and judgment is affirmed, with costs.

Under New York law, the value at which real property may be taxed has been equated with market value, which is " 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell' " *(Grant Co. v Srogi,* 52 NY2d 496, 510). The petitioner's parcel had been designated by the Environmental Protection Agency as a "Superfund" cleanup site under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (hereinafter CERCLA) (42 USC § 9601 *et seq.).* Contrary to the appellants' contentions, the Supreme Court properly determined the market value of the property by deducting the full outstanding cost of the petitioner's compliance with CERCLA from the total assessment for each of the tax years under review *(see, Matter of Bass v Tax Commn.,* 179 AD2d 387; *Matter of Northville Indus. Corp. v Board of Assessors,* 143 AD2d 135).

We note that the appellants' assertions concerning the petitioner's expert's treatment of the sewer tax for purposes of valuation are not properly before this Court, having been raised for the first time in the appellants' reply brief *(see, De-Meo v New York City Tr. Auth.,* 174 AD2d 596). Sullivan, J. P. Miller, Thompson and Joy, JJ., concur.