■ FRANCIS VAVOSA, Respondent, v JOSEPH STILES et al., Defendants-Appellants. [632 NYS2d 791] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 17, 1995, which granted plaintiff's motion to set aside a jury verdict in defendants' favor as against the weight of the evidence, unanimously reversed, on the law and the facts, without costs, the motion denied, and the jury verdict reinstated.

Plaintiff's claim that defendants are liable to him for the personal injuries he suffered when defendants' dog Mitzi, a 120 pound mixed breed German shepherd-bull mastiff, bit him, is premised on two alternative theories: strict liability and common law negligence. Before the owner of a domestic animal can be held strictly liable for an injury inflicted by the animal, the plaintiff must establish that the animal had vicious propensities and that the owner had or reasonably should have had knowledge thereof (*see, Arbegast v Board of Educ.*, 65 NY2d 161, 164; *Ochacher v Jamaica Bay Riding Academy*, 202 AD2d 239). A negligence theory requires plaintiff to demonstrate a lack of ordinary care (PJI 2:10). To establish negligence in this matter, plaintiff relied on evidence that the dog was concededly unleashed in violation of a local rule promulgated by the New York City Department of Health, codified as part of the New York City Health Code and commonly referred to as the Leash Law (24 RCNY 161.05). In its final instructions to the jury, the trial court explained that violation of what it characterized as a local ordinance constituted *some* evidence of negligence.

The special verdict sheet that was submitted to the jury contained a series of five interrogatories. The first question, which asked whether defendants' dog bit the plaintiff, was answered in the affirmative. Questions two and three each addressed the two-part test that plaintiff needed to satisfy for imposition of strict liability, while questions four and five were aimed at apportioning plaintiff's comparative negligence. However, conspicuously absent from the verdict sheet was any

interrogatory that asked whether defendant had been negligent. Furthermore, the instructions contained in the verdict sheet erroneously precluded consideration of the common law negligence theory if the jury found in favor of the defendants on the strict liability theory. Plaintiff's trial counsel did not object to the verdict sheet or to the trial court's jury instructions.

In response to question two, the first of the strict liability questions, the jury found that plaintiff failed to prove that Mitzi had vicious propensities. Following the instructions in the verdict sheet, the jury did not proceed to answer the remaining interrogatories. The trial court then granted plaintiff's motion to set aside the verdict, expressing its view that a "sensible [verdict] would have been for [the jury] to have found liability and then to have determined the degree of [plaintiff's] responsibility." The trial court directed that a new trial be held only upon the issues of damages and plaintiff's comparative fault.

The trial court erred in not permitting the jury's verdict to stand. When there is conflicting evidence introduced on a key factual issue, the jury's determination as to the weight to be accorded each party's evidence and its resolution of credibility disputes should not be disregarded if it cannot be said that the verdict could not have been reached by any fair interpretation of the evidence (*see, Gamiel v University Hosp.*, 216 AD2d 80 [and cases cited therein]). While we do not catalogue all of the evidence tending to support defendants' position, it suffices to note that the summation comments of plaintiff's counsel acknowledged that two versions of Mitzi's character were presented at trial and included a forceful attack on the credibility of the defense witnesses, Mitzi's owner and a woman who was her unpaid caregiver. The jury's decision to credit these witnesses rather than those presented by plaintiff was properly a part of its fact-finding function and its determinations are entitled to deference (*supra*, at 81).

Furthermore, the trial court's reliance upon the violation of the Leash Law in setting aside the verdict was misplaced in view of the omission of the negligence theory of liability from the verdict sheet submitted to the jury without exception by plaintiff (*see, Suria v Shiffman*, 67 NY2d 87, 96-97; *Matter of New York County DES Litig. [Cardinale v Abbott Labs.]*, 211 AD2d 500, 501; *Al Malki v Krieger*, 213 AD2d 331, 334-335; *Wortman v Solil Mgt. Corp.*, 216 AD2d 466). In *Panzer v Harding* (118 AD2d 842), also a dog bite case, the trial court properly charged the jury on both strict liability and negligence

theories, but then, without objection, erroneously submitted a verdict sheet that only required the jury to determine if defendants were negligent. The Appellate Division, Second Department did not reach the unpreserved error, finding, under the circumstances, that it was not so fundamental or egregious an error to warrant a new trial.

Here, in granting plaintiff's motion to set aside the jury verdict in favor of the defendants on the strict liability theory, the trial court erroneously relied, *inter alia*, on the Leash Law violation. However, as already noted, this violation of a local ordinance or rule constituted only some evidence of negligence, the theory of liability not addressed in the verdict sheet. Thus, the trial court continued to intermingle the evidence tending to establish the two independent theories of liability.

Even if it could be said that the trial court's granting of the motion to set aside was a *sub silentio* attempt to correct the unpreserved error in the verdict sheet in the interest of justice, in our view, a new trial would still not be warranted. With respect to the negligence theory, the only evidence of breach of duty was the Leash Law violation, which by itself is not necessarily dispositive (*see,* PJI 2:29). Moreover, there was no evidence that the ordinance violation was the proximate cause of the biting incident. Under these circumstances, the unpreserved verdict sheet omission did not fundamentally affect plaintiff's rights (*see, Panzer v Harding, supra*) and the motion to set aside the verdict should not have been granted by the trial court. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.