OPINION OF THE COURT
David Goldstein, J.
*87 This motion by plaintiff for leave to serve and file an amended complaint is granted to the extent of granting plaintiff leave to serve and file an amended complaint as to the proposed first and second causes of action only, with such service and filing to be made within 20 days after service of this order with notice of entry. Defendants shall serve an answer within 20 days after service of the amended complaint. (CPLR 3025 [d].)
On November 14, 1994, plaintiff went to defendants’ house, accompanied by a real estate salesperson, to inspect the home as a prospective purchaser. While being shown the backyard by the salesperson and defendant, Marina Santos, she observed "King”, defendants’ Dalmatian dog, enclosed behind a wooden fence. According to plaintiff, suddenly and without provocation, she was bitten by King on the hand as she placed her hand on the top of the wooden fence. Plaintiff also alleges in her proposed amended complaint that defendants failed to cooperate with her and with the New York City Department of Health in an investigation into whether the dog had been vaccinated against rabies. She further alleges that defendants falsely told her at the time of the incident that King had been vaccinated for rabies, when, in fact, he was not. Plaintiff claims she suffered extreme emotional distress, as well as physical injuries, as a result of the dog bite and defendants’ "outrageous” conduct. It is undisputed that plaintiff observed King alive approximately two weeks after the biting and that plaintiff never underwent postexposure treatment for rabies, nor did she contract rabies. Defendants deny that King was not actively immunized against rabies at the time of the biting. According to defendants, King is presently lost.
Plaintiff commenced this action by filing a summons with notice with the County Clerk on March 10, 1995, and served a complaint on defendants on May 1, 1995. She now seeks to amend her complaint to assert four causes of action sounding in strict liability, negligence, and intentional and negligent infliction of emotional distress.
With respect to the question of whether to grant leave to amend the complaint, generally, permission to amend a pleading is to be freely given. (CPLR 3025 [b].) Leave will be denied, however, when the proposed amendment prejudices or surprises the opposing party, or is palpably insufficient as a matter of law or totally devoid of merit. (See, Del Bourgo v 138 Sidelines Corp., 208 AD2d 795.)
Plaintiff is granted leave to amend her complaint to assert the proposed first cause of action for strict liability for her *88 alleged injury inflicted by defendants’ animal. In the cause of action, she alleges (1) defendants owned the dog which bit her, (2) the dog had vicious propensities and, (3) defendants had or reasonably should have had knowledge thereof. Such allegations state a cognizable claim for relief (see, Arbegast v Board of Educ., 65 NY2d 161, 164; Vavosa v Stiles, 220 AD2d 363; Ochacher v Jamaica Bay Riding Academy, 202 AD2d 239; Panzer v Harding, 118 AD2d 842) and do not surprise or prejudice defendants.
Plaintiff reiterates the above-mentioned allegations in her proposed second cause of action and further alleges that defendants negligently failed to warn her to keep away from the dog and to restrain the dog to prevent the attack. These allegations are sufficient to state a cause of action for common-law negligence (see, Vavosa v Stiles, supra; PJI3d 2:10). Likewise, there is neither surprise nor prejudice to defendants. Therefore, leave is granted to assert the proposed second cause of action.
Insofar as plaintiff seeks to amend her complaint to assert a cause of action for intentional infliction of emotional distress, defendants oppose the motion, contending that the applicable one-year Statute of Limitations has expired. (See, CPLR 215 [3]; Drury v Tucker, 210 AD2d 891.) CPLR 203 (e) (redesignated CPLR 203 [f] by L 1992, ch 216), however, permits a toll of the Statute of Limitations on all causes of action arising out of the occurrences initially pleaded, regardless of the legal theory. (See, Curiale v Ardra Ins. Co., 223 AD2d 445; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:11, at 163.) Plaintiff alleged in the original complaint that (1) defendants knew or should have known their dog had vicious propensities, (2) their dog bit her, (3) they failed to cooperate with her to confirm that the dog had been vaccinated against rabies, and (4) they moved the dog to another location to thwart any governmental investigation into the attack. Plaintiff, by her proposed amendments, seeks to reallege such conduct with an additional allegation that defendants falsely informed her of King’s having been vaccinated for rabies at the time of the biting. Under .these circumstances, the amended complaint merely sets forth additional theories of liability based upon the previously pleaded facts. As a consequence, the cause of action for intentional infliction of emotional distress relates back to the original claim for the purpose of the Statute of Limitations. The alleged tortious conduct, having occurred on November 19, 1994, *89 and, thereafter, the action having been commenced on March 10, 1995, the proposed claim for intentional infliction of emotional distress must be considered timely interposed.
Nevertheless, leave is denied as to the proposed third cause of action for intentional infliction of emotional distress, inasmuch as the allegations asserted are insufficient to state a claim as a matter of law. Specifically, the conduct alleged to have been committed by defendants, including failing to cooperate with plaintiff and the government, moving the dog, and falsely telling her that King had been vaccinated at the time of the biting, is not conduct which is so extreme, outrageous or utterly reprehensible so as to transcend the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, sufficient to sustain a cause of action for intentional infliction of emotional distress. (See, Howell v New York Post Co., 81 NY2d 115, 121-122; Freihofer v Hearst Corp., 65 NY2d 135, 143-144; Lauer v City of New York, 240 AD2d 543)
In her proposed fourth cause of action, plaintiff seeks to recover damages for negligent infliction of emotional distress caused by her fear of contracting rabies as a result of the dog bite. To state a cause of action for negligent infliction of emotional distress, a party must allege a breach of duty owed directly to the party, which either endangered his or her physical safety or caused fear for the party’s physical safety. (See, Brown v New York City Health & Hosps. Corp., 225 AD2d 36, 44; Creed v United Hosp., 190 AD2d 489, 491; Lancellotti v Howard, 155 AD2d 588, 589-590.) Plaintiff alleges that defendants breached their duty to her by failing to provide her with truthful information concerning whether King was actively immunized against rabies at the time of the biting.
The applicable Health Code in effect in New York City requires a City resident who owns or harbors a dog three months of age or older to have the dog actively immunized against rabies. The veterinarian who performs the vaccination must report such to the New York City Department of Health within five days after administering the vaccine. This is mandated by the local rule promulgated by the New York City Department of Health, as codified as part of the New York City Health Code. (24 RCNY 11.66.) In the event the dog bites someone, the owner is required to immediately notify the Department of Health by telephone and, thereafter, must confine the dog and report to the Department if the animal dies, exhibits symptoms of illness or escapes from custody. (24 *90 RCNY 11.65 [e].) If the dog appears normal and healthy after 10 days of confinement, the owner is required to return to the Department a postcard stating the animal is alive and gives no indication of disease. (24 RCNY 11.65 [e].) Nothing in the Health Code, however, places a legal duty upon an owner to provide any information, whether it be truthful, complete or otherwise, as to the dog’s health, to the person bitten by the animal. This court declines to impose such a duty in the absence of one provided for in the Health Code, particularly since, under the scheme of the Health Code, the Department of Health presumably would provide the information to the injured person, since the Department would have a record of the immunization (if it actually took place). Thus, as a matter of law, defendants owed no duty directly to plaintiff to provide her with information about King’s immunization status at the time of the biting and, consequently, on this record, there is no cognizable claim for negligent infliction of emotional distress.
In addition, the incubation period for contracting rabies due to the bite by King has long passed. (See, Andrulonis v United States, 724 F Supp 1421, 1437, mod on other grounds 924 F2d 1210, 1216.) Concededly, plaintiff did not contract rabies. Although it is well known that a dog bite is a scientifically accepted method of transmission of rabies, plaintiff does not dispute that the dog was alive and showed no signs of ill health when she observed it approximately two weeks after the biting.
In the absence of some proof that plaintiff was actually exposed to the virus and thus had a likelihood of contracting rabies, plaintiff’s concern that she had been exposed cannot form an alternate or separate basis for compensation. (See, Kaufman v Physical Measurements, 207 AD2d 595; see also, Brown v New York City Health & Hosps. Corp., supra; cf., Tischler v Dimenna, 160 Misc 2d 525.) These and other cases, which dealt with the viability of an "AIDS phobia” cause of action, have held that a necessary prerequisite to such a claim is proof of a likelihood of contracting the disease through an actual exposure. (Brown v New York City Health & Hosps. Corp., supra, at 47.) In the absence of such proof of a likelihood of contracting the disease, it has been held that recovery for emotional distress would be overly speculative. (See, Kaufman v Physical Measurements, supra, at 596.)
Here, there is neither claim nor proof of any actual exposure. No evidence has been offered that the dog had rabies. Nor does the record disclose the incubation or testing period for the dis *91 ease, proof of which would be critical to any attempt to recover for fear of contracting rabies for that limited time period. (Cf., Brown v New York City Health & Hosps. Corp., supra, at 47 [sustaining a cause of action to recover for fear of developing AIDS for a six-month period following actual exposure to the virus].) Insofar as applicable here, the patent insufficiency of the record to demonstrate a cognizable claim for relief requires denial of leave to amend the complaint to assert the proposed fourth cause of action.
Finally, this conclusion does not mean that plaintiff cannot seek damages for the alleged mental distress arising out of the first two causes of action. (See, McDougald v Garber, 73 NY2d 246; Lamot v Gondek, 163 AD2d 678.)