■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WHITE, Appellant. [687 NYS2d 329] —Judgment, Supreme Court, New York County (Colleen McMahon, J., at suppression hearing; William Leibovitz, J., at jury trial and sentence), rendered June 25, 1996, convicting defendant of three counts of robbery in the second degree and one count of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to three concurrent terms of 7½ to 15 years concurrent with a term of 3½ to 7 years, unanimously affirmed.

The record supports the hearing court's findings (169 Misc 2d 295) that once the police lawfully entered the main portion of the apartment after obtaining the consent of the lessee, they

were authorized to conduct a protective sweep of defendant's separately subleased room, based on their reasonable belief that one or more of the perpetrators of an armed robbery might be locked inside with a rifle (*see, Maryland v Buie*, 494 US 325; *United States v Patrick*, 959 F2d 991 [DC Cir]; *People v Paez*, 202 AD2d 239, *lv denied* 84 NY2d 871; *People v Cornielle*, 172 AD2d 681, *lv denied* 78 NY2d 964). We agree with the hearing court (169 Misc 2d 295, 302, *supra*) that a protective sweep is not required to be incident to an arrest. Once lawfully in defendant's room, the police properly seized the rifle discovered in plain view (*People v Paez, supra*). We have considered and rejected defendant's remaining arguments, including those grounded in State constitutional law. Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ. [*See,* 169 Misc 2d 295.]