Patterson, J.,
dissents and votes to affirm in the following memorandum: As stated by the trial court, this is not the usual dog bite vicious propensity case. Briefly, on November 12, 1994, plaintiff Elizabeth O’Brien and two others visited the home of defendant Agnes Bolton. While sitting on the couch in the living room, a dog, “Drury,” harbored by the defendant, jumped upon an end table causing a lamp to fall over striking the plaintiff.
Plaintiff commencéd an action based on the theory of strict liability asserting that the dog in question had a vicious nature and that the owner was aware of that nature, or should have been aware of it (see, Muller v McKesson, 73 NY 195). The amended complaint, dated June 19, 1996, asserted three causes of action: strict liability based on vicious propensity, public nuisance and a claim for loss of services.
Inasmuch as plaintiffs complaint alleged that Ms. Bolton owned a vicious dog, the only evidence plaintiff relied upon is an unsworn inadmissible note of the veterinarian (see, Savage v Delacruz, 100 AD2d 707) which indicated an isolated incident when “Drury” was muzzled during a treatment. This is insufficient to demonstrate that “Drury” had vicious propensities and therefore plaintiff cannot recover on this strict liability theory of negligence. The theory of ordinary negligence was never asserted in the pleadings by the plaintiff (compare, Stoop v Kurtz, 121 AD2d 529). It was therefore proper to grant summary judgment to defendant Agnes Bolton.
Kassoff, P. J., and Chetta, J., concur; Patterson, J., dissents in a separate memorandum.