■ NORMA ROSARIO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants [979 NYS2d 42]—

---

To impose liability on defendant City for a defective condition of a tree well, plaintiff must show that the municipality either received prior written notice of the alleged defect or caused or created the defective condition through an affirmative act of negligence (*see Tucker v City of New York*, 84 AD3d 640, 642-643 [1st Dept 2011], *lv denied* 17 NY3d 713 [2011]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Plaintiff makes no claim that the City had prior written notice of the claimed defect. There is no view of the evidence in the record that the City created the dangerous condition that caused plaintiff to fall. Plaintiff's testimony is that on November 7, 2007, she fell after stepping into a hole in a tree well because the dirt was not even with the sidewalk. She described the hole as being three inches in depth. The evidence also shows that more than one year before the accident, the City identified and removed a dead tree in the tree well, leaving a stump behind. The city inspector testified that although he determined that removal of the dead tree was necessary, he did not notice the level of the dirt in the well at that time. The city inspector further testified that in his years of experience, the removal of trees would not disrupt the level of dirt in a tree well. According to the city inspector, any disruption of the dirt in the tree well ensues when the tree stump is removed, which in this case did not occur until after plaintiff's accident. Plaintiff had no personal knowledge of the cause of the differential of the dirt in the well (*see Hammond v City of New York*, 100 AD3d 563, 564 [1st Dept 2012], *lv denied* 21 NY3d 853 [2013]; *Bielecki v City of New York*, 14 AD3d 301, 302 [1st Dept 2005]). There is no basis on this record to conclude that the City caused or created that differential.

Plaintiff asserted at trial that the City's negligence consisted of the failure to remove the tree stump after it cut down the tree. However, plaintiff did not fall on or over the stump, but testified that she tripped on a two or three inch hole between

the level of the soil in the tree well and the level of the sidewalk. Thus, the failure to remove the stump was not the proximate cause of the accident.

We also reject plaintiff's argument that the City created a hazard because the removal of the tree from the well without replanting created an optical illusion obscuring the tree well. Leaving aside the parties' procedural arguments, the argument fails on its merits. The only photograph of the condition, taken from some distance away, shows that the tree stump was above sidewalk level and visible. It also clearly depicts the tree well, in line with another tree well on the street. The tree well was in front of the building in which plaintiff resided. Although plaintiff testified that she did not see the tree well before she fell, she also testified that there were containers on the street in her path that caused her to move to her left. There is no view of this evidence to support a conclusion that the City, by cutting down a dead tree and leaving a tree stump, created a dangerous condition by obscuring the visibility of the tree well.

Here there was no conflicting evidence as to the cause of the accident, and the verdict could not have been reached by any fair interpretation of the evidence against the City (*see Vavosa v Stiles*, 220 AD2d 363, 364 [1st Dept 1995]). Concur—Tom, J.P., Friedman, Acosta, Moskowitz and Gische, JJ.