People v Fedyk (2022 NY Slip Op 00876)





People v Fedyk


2022 NY Slip Op 00876


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-02128
 (Ind. No. 130/18)

[*1]The People of the State of New York, respondent,
v
Natalya Fedyk, appellant.


Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered February 5, 2019, convicting her of burglary in the second degree as a hate crime and burglary in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish her commission of a hate crime because the People failed to demonstrate that she was motivated by prejudice, bias, or animus toward the complainant's protected class is unpreserved for appellate review (see CPL 470.05[2]; People v Kolupa, 13 NY3d 786; People v Faraone, 186 AD3d 1394). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree as a hate crime beyond a reasonable doubt. Defense counsel was not ineffective for failing to preserve this contention (see People v Caban, 5 NY3d 143; People v Shoshi, 177 AD3d 779).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the constitutionality of Penal Law § 480.05 is not properly before us because it was first advanced in her reply brief on appeal (see People v Ford, 69 NY2d 775, 777; Simon v Mehryari, 16 AD3d 664, 666; DeMeo v New York City Tr. Auth., 174 AD2d 596, 598).
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court