People v Morales (2025 NY Slip Op 25041)

[*1]

People v Morales

2025 NY Slip Op 25041

Decided on February 20, 2025

Criminal Court Of The City Of New York, Kings County

Fong-Frederick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 20, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Pedro Cisneros Morales, Defendant.

Docket No. CR-033156-24KN

The defendant was represented by Aashna Rao of the Brooklyn Defender Services (arao@bds.org)
The People were represented by ADA Max Goldstein (goldsteMA@brooklynda.org)

Dale Fong-Frederick, J.

The defendant, Pedro Cisneros Morales, is charged with Aggravated Driving While Intoxicated (VTL §1192 [2-a]) and other related charges. The defendant moves to invalidate the People's Certificate of Compliance (COC) and Statement of Readiness (SOR), as well as to dismiss the accusatory instrument on speedy trial grounds. The People oppose the defendant's motion.
For the reasons set forth below, the motion is denied.
It is alleged that on August 7, 2024, at approximately 7:28 PM, at Chestnut Street and Fulton Avenue, in Kings County, the defendant operated a motor vehicle while under the influence of alcohol. The arresting officer allegedly observed common law indicia of intoxication including slurred speech, red and watery eyes, an odor of alcohol on the defendant's breath, and an unsteady gait. The People filed a COC and SOR on November 3, 2024. The defendant filed the instant motion on December 21, 2024.
CERTIFICATE OF COMPLIANCE CHALLENGE
The People must disclose and permit a defendant to discover all items and information that relate to the subject matter of the case which are in the possession, custody or control of the prosecution or persons under their direction or control, including the items subject to automatic discovery listed in CPL §245.20(1)(a)-(u). The People "shall make a diligent, good faith effort to ascertain the existence of material or information discoverable" and must "cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control" (CPL §245.20[2]). When the defendant is not in custody, the People shall perform their initial discovery obligations within thirty-five calendar days of arraignment on a misdemeanor complaint (CPL §245.10[1][a][ii]). The COC must include a statement indicating that the People disclosed and made available all known information subject to discovery and must identify the items provided (CPL §245.50[1]). 
In Bay, the Court of Appeals held that "the key question in determining if a proper COC has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery" (People v [*2]Bay, 41 NY3d 200, 211 [2023]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). When a defendant brings a CPL §30.30 motion to dismiss, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing their initial COC (id. at 213). 
The defendant asserts that the when the People served their COC on November 3, 2024, certain automatically discoverable materials remained outstanding, such as: Intoxicated Driver Testing Unit (IDTU) video, Body Worn Camera (BWC) video, Gas Chromatography records, an ECAB Complaint Room Screening Sheet, and Giglio material.
In opposition, the People assert that they did attempt to disclose the materials in their possession but inadvertently uploaded wrong casefile materials on September 12, 2024. Included in their disclosure was a request for the defendant to notify them if any discovery was missing. The People did not file their COC and SOR until three weeks later, on November 3, 2024.
It is undisputed that the defendant failed to confer with the People in flagrant violation of his discovery obligations (CPL §§245.35[1]; 245.50[4][b]). Here, the defendant received discovery on September 12, 2024, and the People concede that they inadvertently provided the wrong discovery to the defendant. The People filed a COC and SOR on November 3, 2024. The defense was aware that they were in possession of the wrong documents since mid-September and made no effort to confer with the People as soon as practicable once the COC was filed. Instead, the defendant laid in wait, seeking the tactical advantage of only notifying the People after more than ninety days from the defendant's arraignment had elapsed by filing the instsant motion. The defendant failed to confer with the People as soon as practicable and cannot now seek to benefit from his utter disregard for the rules of discovery. Furthermore, the defendant also failed to comply with the court's discovery order issued on November 15, 2024, which directed the parties to confer. Such a willful disregard of the discovery rules is not to be rewarded (see People v Seymour, 84 Misc 3d 23 [App Term, 2d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Chavers, 80 Misc 3d 1218[A] [Sup Ct, Kings Co 2023]). 
The Legislature enacted discovery reforms that require prosecutors to provide criminal defendants with more discovery at an earlier phase of a criminal action (see L 2019, ch 59, § 1, pt LLL). The purpose of the reform is to allow the defendant to have as much information as possible in order to make an informed decision on how to proceed with their defense and to have adequate time to prepare for trial (see Report of the New York State Justice Task Force of its Recommendations Regarding Criminal Discovery Reform at 5 [2014]). The requirement to confer allows the parties to address any discovery disputes without the need for motions. Thus, unlike the previous discovery and motion process, the current discovery process contemplates that motions to address discovery would not be needed in every case. However, for some attorneys, the practice has become the opposite, where they either refuse to confer at all or notify the People mere days before filing motions to dismiss and not affording the People a meaningful opportunity to resolve discovery issues. This reform was not an invitation for the defendant to use a strategic tactic of willfully lying in wait, motivated by a desire to obtain a tactical advantage in speedy trial calculations, rather the defendant must actively and immediately pursue a resolution where they believe discovery to be incomplete (CPL §245.50[4][b], [c]).
"As with the People, if a defendant violates their discovery obligations, a CPL 245.80 remedy or sanction may be imposed against them" (People v Bay, 41 NY3d 200, 209 [2023]), [*3]and such remedy is available for any discovery violation (CPL §245.80[2]). The appropriate remedy under the facts of this case, for the defendant's blatant disregard for the rules of discovery and a court order is to deem the COC and SOR challenge waived and deem the COC and SOR valid despite the People's inadvertent error (CPL §245.80[2]). Moreover, a review of the fact of this case shows that the People made diligent efforts, while imperfect, to comply with their discovery obligations (Bay, supra). Despite the defendant's waiver of the right to challenge the COC, if the People had not complied with their discovery obligations, the People could also face sanctions pursuant to CPL §245.80(1).
Accordingly, the motion to invalidate the COC and SOR is denied.

 SPEEDY TRIAL
The top charge in the instant accusatory instrument requires the People to be ready within ninety days of arraignment (CPL §30.30[1][b]). The defendant moved to dismiss on speedy trial grounds. The People then set forth a clear and sufficient basis for excludable time. The defendant did not file a reply affirmation, and has failed to set forth any reason why the People's exclusions should not stand (see People ex rel Nieves v Maginley-Liddie, 232 AD3d 568, 568 [2d Dept 2024]).
The People are charged a total of 87 days:
1. August 8, 2024, to October 1, 2024: 
54 Days Charged
On August 8, 2024, the defendant was arraigned on a misdemeanor complaint and the criminal action was adjourned to October 1, 2024, for the People to file a COC. This pre-readiness period is includable (CPL §§30.30[1][b]; 100.05[4]; see People v Stiles, 70 NY2d 765, 767 [1987]).
The People are charged with 54 days.
2. October 1, 2024, to November 15, 2024: 
33 Days Charged
On November 3, 2024, the People filed a COC and SOR off calendar. On November 15, 2024, the parties appeared in court and were ordered to confer. The court set a schedule for the defendant to file motions and adjourned the action for conferral and decision if motions were filed. The pre-readiness period from October 1, 2024, to November 3, 2024, is includable. The post-readiness period from November 3, 2024, to November 15, 2024, is excludable.
The People are charged with 33 days.
3. November 15, 2024, to February 20, 2025: 0 Days Charged
On December 21, 2024, the defendant filed the instant motion. The People did not request any adjournment since they announced ready on November 3, 2024. The post-readiness period is excludable (CPL §30.30).
The People are charged 0 days (CPL §30.30[4][a]).
Accordingly, the motion to dismiss on speedy trial grounds is denied.
This constitutes the decision of the court.
Dated: February 20, 2025
Kings County, New York
Hon. Dale Fong-Frederick