People v Cabrera (2025 NY Slip Op 51048(U))

[*1]

People v Cabrera

2025 NY Slip Op 51048(U)

Decided on June 26, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Arlette Cabrera, Defendant.

Docket No. CR-000021-25BX

For the Defendant: 
Cesar Herrera Campos & Caroline McGrath 
(The Legal Aid Society)
For the People: 
Bronx ADA Malik A. Ketcham

David L. Goodwin, J.

Defendant Arlette Cabrera moves to dismiss on facial insufficiency and C.P.L. § 30.30 speedy-trial grounds. The § 30.30 claim, which is the centerpiece of her motion, rests on two main points: (1) the People declared ready too late on the final, 90th day of the speedy trial deadline to actually bring the case to trial; and (2) due to a technical error or oversight, the People did not send most of the discovery materials to the defense before the deadline expired—an error they fixed within 24 hours of being alerted about a month later.
As set forth below, dismissal is not warranted on these facts. The People declared ready on the 89th day, not the 90th, and there is no dispute that the failure to timely share the correct discovery link was anything other than an inadvertent error; the People otherwise demonstrated reasonable diligence overall. And the operative accusatory instrument is the superseding misdemeanor information, which is facially sufficient. Cabrera's motion is therefore DENIED.
* * *
The parties are the primary audience for this decision, which assumes some familiarity with the facts and procedural history of the case.

I. Background

The Charges and Initial Complaint
Cabrera was one of several people charged, piecemeal, in connection with a December 2024 fight in the Bronx. While the cases against the other parties were ultimately dismissed, the one against Cabrera moved forward.
The initial criminal court complaint, which charged third-degree assault (P.L. § 120.00(1)) and other offenses, was filed against Cabrera and a codefendant, but did not specify which of the two defendants had done what. Rather, it recited only that a "defendant" had hurled a garbage can at the first complaining witness and a "defendant" tried to strike the cross-complainant with a golf club before punching her, scratching her, and pulling her hair. [*2]Complaint at 1—2.
Commencement to Readiness
The complaint was filed January 1, 2025. The People declared ready on April 8—97 days later—after filing their discovery-compliance materials and the remaining supporting deposition. Only a few developments along the way are relevant.
On February 4, the People filed a revised accusatory instrument that corrected the who-did-what ambiguity from the initial complaint. The new instrument specified that Cabrera was accused of swinging a golf club at the cross-complainant, punching her, scratching her, and pulling her hair, while the codefendant had thrown the garbage can at the first complaining witness. A few days later, the People filed a supporting deposition from the cross-complainant, but not the first complaining witness.
Cabrera did not appear in court for the initial February 6 post-arraignment appearance. A bench warrant was stayed through February 14.
Cabrera returned to court on February 14. At the appearance, the presiding judge acknowledged the People's filing of one supporting deposition, but observed that the People still were not converted because another was needed.
On March 21, the People attempted to share discovery with defense counsel. The People successfully shared body cameras via evidence.com. But while the People intended to send another discovery packet to defense counsel via OneDrive—including a full set of discovery for the cross-complainants—the People did not actually do so, as they now concede. See People's Resp. at 6 & n.3. Instead, they appear to have given the OneDrive link to the cross-complainant's attorney, not Cabrera's attorney. See People's Resp., Ex. 16; see also id., Ex. 17 (clarifying the identity of the cross-complainant's attorney).
On April 8, the People filed and served off-calendar the first complaining witness's supporting deposition, as well as a statement of readiness, discovery receipt, and certificate of compliance ("COC"). The supporting deposition was filed at 5:29 p.m., while the readiness and discovery-compliance materials were filed five hours later at 10:24 p.m. and emailed to defense counsel shortly afterwards. See People's Resp., Ex. 22. The discovery receipt listed disclosure of about 43 categories of material, including the activity logs of various officers and 911 calls. Five items were denominated as missing or outstanding.
It appears undisputed that despite declaring ready and indicating that they had disclosed discovery to defense counsel, the People had still not actually sent the underlying discovery materials or re-shared the OneDrive link.
At the following court appearance on April 21, Cabrera was once again absent. Her attorney also did not appear. See People's Resp. at 8 (Affirmation of ADA Malik A. Ketcham). The presiding judge acknowledged receipt of the April 8 supporting deposition from the first complaining witness, but believed (mistakenly) that the People still owed a supporting deposition from the cross-complainant, even though the judge presiding on February 14 had acknowledged receipt of that earlier supporting deposition. See People's Resp. at 8 & n.5. A warrant was stayed through May 6.
Two days before the next appearance, the People sent a newly obtained video to defense counsel. It had been shared with the People about two weeks earlier by the father of one of the complainants.
The next day, on May 5, defense counsel opened the discovery email—apparently for the first time—to review the discovery. Defense counsel observed that the linked folder contained [*3]only some body camera footage and audit logs—not, in other words, the extensive disclosures from the People's April 8 COC and discovery receipt.
The parties agree that, after defense counsel informed the assigned prosecutor by phone that the discovery was missing, the prosecutor re-shared the materials successfully later that same day on May 5. Defense counsel thus obtained access to the full set of discovery documents for the first time on May 5. See Defense's Mot. at 4; People's Resp. at 8—9. 
The parties appeared before the undersigned on May 6. The People had refiled both supporting depositions, and the complaint was formally converted to an information. Defense counsel also filed the instant motion in court. A schedule was set for the People's response and the defense's reply, which have both been filed.

II. Motion to Dismiss
In her motion, Cabrera argues that the People's declaration of readiness and supporting deposition were filed off-calendar and after hours on April 8, 2025, which (she asserts) was the final, 90th day of the § 30.30 period. Thus, regardless of the validity of their COC, the People declared ready too late, because it would have been impossible to try the case or to arraign Cabrera before the 91st day, thereby requiring dismissal of the accusatory instrument under § 30.30. Defense's Mot. at 14—18.
Cabrera also attacks the validity of the COC, focusing on the People's undisputed failure to disclose nearly all relevant discovery before filing their COC.[FN1]
Because actual production of discoverable materials is necessary for the filing of a valid COC, the People's failure to send most of what they intended to disclose rendered their COC illusory. Defense's Mot. at 13—14. In support of her argument, Cabrera relies on decisions that include People ex rel. Ferro v. Brann, 197 AD3d 787 (2d Dept. 2021), People v. Carrillo, 75 Misc 3d 1227(A), 2022 NY Slip. Op. 50680(U) (N.Y.C. Crim. Ct., Bronx Co. 2022) (Licitra, J.), and People v. Francis, 75 Misc 3d 1224(A), 2022 NY Slip Op. 50655(U) (N.Y.C. Crim. Ct., Bronx Co. 2022) (Licitra, J.).
Finally, Cabrera contends that the accusatory instrument is facially insufficient because it failed to identify which defendant committed which acts. Defense's Mot. at 20—21. In doing so, she treats the original complaint as the operative accusatory instrument, and does not acknowledge the second accusatory instrument that the People filed in February 2025.[FN2]

The People respond to Cabrera's initial point by contending that they declared ready on the 89th day, not the 90th. Thus, that they declared ready after hours is of no moment, because they could plausibly have been ready for trial on the final, 90th day. People's Resp. at 18.
Next, the People concede that they failed to "press the discovery send button" either in March 2025 or in April prior to filing their COC, but argue that (1) they demonstrated reasonable diligence overall and (2) Cabrera did not fulfill her own duty under C.P.L. § 245.50(4)(b) to flag the mistake substantially before filing her 50-page motion the next day, which the People describe as impermissibly "lying-in-wait." People's Resp. at 16. The People do not address or distinguish the authorities cited in Cabrera's motion, instead relying on People v. Seymour, 84 Misc 3d 23 (App. Term 9 & 10 Jud. Dists. 2024), and People v. Morales, — Misc 3d —, 2025 NY Slip Op. 25041 (N.Y.C. Crim. Ct., Kings Co. 2025) (Fong-Frederick, J.), for Cabrera's alleged abrogation of her statutory duty and how it excuses the People from discovery mistakes by pretermitting her motion. People's Resp. at 16—17.
Finally, the People observe that the superseding information cured the who-did-what defects identified by Cabrera. People's Resp. at 18—19.
Cabrera largely reiterates her arguments in reply, such as by emphasizing the defense position that the COC and supporting depositions were filed on the 90th day, not the 89th. Defense's Reply at 3, 7—8 (pdf pag.). Cabrera also challenges the People's failure to file supplemental COCs after filing and serving additional discovery. Defense's Reply at 3—4 (pdf pag.).[FN3]

III. Legal Standard
When the highest count is a misdemeanor punishable by a sentence of imprisonment of more than three months, the People are required to be ready for trial within 90 days from the commencement of the criminal action. See C.P.L. § 30.30(1)(b). The People cannot declare ready for trial, however, unless they have also complied with their disclosure obligations under [*4]New York's revised discovery laws. See id. § 30.30(5).
Under the now-familiar standard articulated in 2023 by the New York Court of Appeals in People v. Bay, a COC is valid if it is the product of due diligence and good faith. People v. Bay, 41 NY3d 200, 211 (2023). Factors relevant to diligence are fact- and case-specific, and include the People's efforts to comply with their obligations, the volume of discovery provided, the complexity of the case, and the People's response to objections from the defense. Id. at 212. While the People bear the burden of demonstrating that they exercised due diligence, there is no "strict liability" rule for dismissal; the discovery statute does not require perfect compliance. Id. at 212—13.

IV. Discussion

a. The supporting depositions, COCs, and other materials were filed on the 89th day at the latest, not the 90th.
The People appear to be correct that their materials were filed on the 89th day at the latest. As mentioned above, 97 days elapsed between commencement on January 1 and the relevant set of filings on April 8. However, the People (indirectly) invoke the statutory exclusion found in C.P.L. § 30.30(4)(c)(ii) for the period between February 6—when Cabrera failed to appear in court and a bench warrant was stayed—to February 14, when Cabrera came back to court. With this exclusion in place, the People calculate the total pre-readiness number of days as 89—i.e., 97 minus the 8 days (partially inclusive) between February 6 and February 14.[FN4]

Cabrera preemptively concedes that the period between February 6 and February 14 should not be charged to the People, see Defense's Mot. at 15, but calculates 90 days instead. Cabrera does not explain why her figure is different, or respond directly to the People's calculation; for their part, the People attribute the difference in total to an error in Cabrera's calculation of the span between February 14 and April 4. See People's Resp. at 18.
Regardless, 89 days is the correct figure, as 97 minus 8 yields 89. Accordingly, because the People did not declare ready after-hours on the final day, Cabrera's argument to the contrary is without merit.
b. The People's good faith and due diligence are not fatally undermined by their failure to send the correct discovery link to the defense.
Cabrera otherwise argues that the People's failure to actually send her the majority of discovery before declaring ready requires the invalidation of the COC and, by extension, dismissal of the case. There is no disputing that the People's discovery error was both severe and stark, as they did not actually send the discovery to the defense as intended. But as Bay instructs and the weight of case law holds, even errors of this type must be evaluated against the People's overall showing of good faith and due diligence, as well as the defense's own promptness in bringing errors to the People's attention. Here, because the People exercised the requisite due diligence, there is no meaningful challenge to their good faith, and the People fixed the problem [*5]mere hours after being informed of the error by the defense one month later, the People have met their burden of showing due diligence sufficient to withstand dismissal.
As an initial matter, while Cabrera is correct that the People cannot validly declare ready if discovery has not actually been provided, the cases on which she relies predate the 2023 Bay framework, and do not answer the question of whether the People have otherwise exercised due diligence. For instance, in People ex rel. Ferro v. Brann, which arose out of a § 30.30(2) release habeas proceeding, the Second Department stated that the People's "filing of the certificate of compliance . . . could not be deemed complete until all of the material and information identified in the certificate as subject to discovery and electronically shared with the defendant was actually produced to the defendant." Ferro, 197 AD3d at 788. But the People do not argue otherwise. Rather, the People admit their error but argue that they exercised reasonable diligence overall. As a pre-Bay decision, Ferro did not mention or assess the People's diligence; indeed, it is unclear whether the People argued diligence at all in Ferro.
Similarly, Carrillo is another pre-Bay decision where, among other things, the trial court observed that the People did not fix the central "missing discovery" issue for more than three months after being notified of the problem, and also failed to provide several crucial pieces of discovery. See Carrillo, 2022 NY Slip Op. 50680(U), at *1—2. To the extent that Carrillo's discussion of the consequences of the People's failure to supply all discovery before filing their COC remains an accurate statement of the law post-Bay, see id. at *2 (observing that a COC filed before all discoverable material has been provided is "not proper" and "cannot support a valid statement of readiness"), Carrillo is thus otherwise distinguishable because other aggravating factors undermined the prosecution's readiness in that case. See also Francis, 2022 NY Slip Op. 50655(U), at *3 (trial court suggesting that due diligence was irrelevant if discovery was not actually turned over, but concluding, in the alternative, that "[e]ven if due diligence applied, however, the Court would not find it here").
The People themselves rely on another line of cases in which an extended defense delay in objecting, or in failing to comply with court orders to diligently confer, was deemed fatal to a COC challenge by pretermitting it entirely. For instance, in Seymour, the Appellate Term for the 9th and 10th Judicial Districts concluded that a defense COC challenge lodged 72 days after the COC was filed "was properly denied as untimely" under C.P.L. § 245.50(4)(b) and (c), which require those challenges to be raised as soon as practicable. See Seymour, 84 Misc 3d at 24—25. Similarly, the Morales trial court pretermitted a provided-the-wrong-discovery COC challenge because, among other things, the defense waited too long before objecting and had violated a court order by failing to diligently confer. See Morales, 2025 NY Slip Op. 25041, at *2—3.
But those cases are also distinguishable. Here, Cabrera's initial objection to the discovery mistake was made less than a month after the People filed their COC. And the parties do not appear to have been directed to diligently confer, as neither Cabrera nor her attorney was present at the only appearance between the filing of the COC and the service of this motion. So that line of cases also overshoots the mark, as Cabrera neither violated a court order nor waited an egregiously long time post-COC before reaching out to the People.
Instead, the People prevail because trial courts, including this one, have generally concluded that inadvertent errors or omissions in provided discovery, or technical mistakes, do not require invalidating a certificate of compliance if due diligence is otherwise established. See, e.g., People v. Goggins, 86 Misc 3d 1201(A), 2025 NY Slip Op. 50808(U), at *4—5 (N.Y.C. Crim. Ct., Bronx Co. 2025) (Goodwin, J.) (concluding that the People's technical error in [*6]uploading material did not require invalidating their COC when they otherwise demonstrated due diligence); People v. Castelan, 83 Misc 3d 1271(A), 2024 NY Slip Op. 51073(U), at *5 (N.Y.C. Crim. Ct., Kings Co. 2024) (Watters, J.) (collecting cases); People v. Moore, 72 Misc 3d 903, 904 (Sup. Ct., Kings Co. 2021) (D'Emic, J.) (concluding that an accidental omission of material from the People's OneDrive discovery folder was "an unintentional oversight"). But see People v. Buenaventura, 82 Misc 3d 1135, 1141—43 (N.Y.C. Crim. Ct., Kings Co. 2024) (Tubridy, J.) (reasoning that omission from OneDrive folder demonstrated a lack of diligence, but concluding that the People were within the § 30.30 time anyway). Thus, Cabrera's argument to the contrary notwithstanding, see Defense's Mot. at 13, even a major mistake of this kind is but one part of the holistic assessment of the People's due diligence.
The People's diligence here overwhelms what is otherwise an egregious—but, at the same time, stark and easily corrected—error in providing discovery. There is no dispute that the People were in possession of the relevant discovery as early as March, when they intended to share it with the defense but failed to do so. There is also no dispute that the People were in actual possession of the discovery as of April 8, when they declared ready, or that they corrected their mistake within hours of being informed by defense counsel in early May.[FN5]
There also appears to be no dispute that the People's actual proffer was comprehensive and thorough, omitting only a few documents and other material that was belatedly disclosed through no fault of the People; in fact, Cabrera does not directly challenge the quality or quantity of the material disclosed, and does not raise any specific arguments about the allegedly "outstanding" material she lists in her motion. Finally, the People weave a plausible story about obtaining extensive discovery in a multi-party case, where the decision to declare ready relatively "late" was due not to the usual reason of outstanding discovery material, but instead to the possibility that the case would be dismissed thanks to uncertainty about whether the complainant truly wished to proceed.
Finally, and while dismissal would not be warranted even without this element, the People's omission did not actually affect Cabrera, as defense counsel did not open the discovery folder until almost a month after the COC had been filed, which was also about a month and a half after the People's initial, ineffective attempt to serve the core of the discovery on the defense. While Bay emphasized that "a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations," Bay, 41 NY3d at 213, that is not the same as saying that potential prejudice has no impact on the case-specific assessment of the People's diligence, especially when the error identified is technical; put another way, while prejudice is not required to obtain dismissal, a showing of prejudice could tip the scales on an otherwise close case. Here, because the defense concedes that there was no prejudice at all, Cabrera would not be able to use any potential prejudice to nudge the assessment of diligence in her favor, even if all other factors were otherwise in equipoise (which [*7]they are not).
In sum, under the relevant Bay factors and on the arguments presented by the parties, the People have adequately demonstrated their due diligence, especially in light of the swift resolution to the problem once they were alerted to it. See Bay, 41 NY3d at 212. Invalidation of the COC and dismissal are therefore not warranted. The People should file a supplemental COC to account for the additional discovery filed and served shortly before motion practice began in this case.
c. The superseding information withstands Cabrera's facial sufficiency challenge.
Cabrera's challenge to the facial sufficiency of the accusatory instrument is without merit. As the People correctly point out, the superseding information [FN6]
fixed the lack of specificity in the original accusatory instrument by identifying who (allegedly) did what. Because Cabrera's sufficiency challenge is based entirely on the since-corrected lack of specificity, see Defense's Mot. at 20, the challenge fails.

* * *

For the reasons set forth above, Cabrera's motion to dismiss is DENIED. The People are directed to file a supplemental COC to account for the discovery filed and served since their initial COC.
Dated: June 26, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:Cabrera provides a list of material "belatedly disclosed" after the filing of the COC, which seems to be a list of the discovery that the People intended (but failed) to disclose. Defense's Mot. at 5—6. Cabrera also lists five outstanding discovery items, id. at 7, but does not contextualize that material or articulate a reason to believe that the COC should be invalidated if the "belatedly disclosed" material is not itself a ground for invalidation. 

Footnote 2:While it was no doubt filed both with the best of intentions and at a supervisor's direction, the argumentative appendix attached to the defense motion will not be considered. Although it is described as setting forth "various important points" about COCs that "apply in this case," Defense's Mot. at 12, much of the appendix appears irrelevant to the issues in this case. For instance, it dedicates 10 single-spaced pages to "additional points about impeachment information from police personnel files," Defense's Mot. at 32—42, even though there is no corresponding point (or contested COC issue) in her motion. Arguments that are relevant to the actual defense position in this case are better raised in the motion itself. Consigning them to an appendix, even if not technically forbidden by rule, shifts the burden to the court to separate the wheat from the chaff, complicating review of the issues otherwise cogently presented by the parties. Cf. D'Aston v. Aston, 844 P.2d 345, 354 n.12 (Utah Ct. App. 1992) (observing that the inclusion of arguments in an appendix appeared to violate the court's rules, but reaching them anyway because they were not "a ruse for avoiding our page limitations"). The efficacy of the other intended aim of the appendix—preserving a broad swath of issues and arguments for potential appellate review—is a matter better left to the Appellate Term.

Footnote 3:Cabrera separately contends that the court was not "in receipt" of one of the two supporting depositions on April 21, preventing conversion until later. Defense's Reply at 8 (pdf pag.). Arguments raised for the first time in a reply brief generally will not be considered. See People v. Ford, 69 NY2d 775, 777 (1987); People v. Uzhca, 82 Misc 3d 1213(A), 2024 NY Slip Op. 50297(U), at *1 n.1 (N.Y.C. Crim. Ct., Bronx Co. 2024) (Bowen, J.). Regardless, as recited above the margin, the other supporting deposition had been filed earlier and acknowledged by the court; by April 21, the People had filed both. 

Footnote 4:There is a surprising lack of clarity on whether the § 30.30(4)(c)(ii) exclusion omits both the day of the warrant stay and the day the person returns to court. Since the People urge a calculation that omits one day but includes the other—and because the difference is not ultimately material—this decision assumes the appropriate excluded span is 8 days, not 9.

Footnote 5:It is somewhat puzzling that the People did not notice this defect at any point between March 21 and May 5. In particular, they do not explain why they did not double-check the link. But the People likely did not address this point because Cabrera did not raise it in her motion papers, and she makes (at best) only a passing and oblique reference to it in her reply. See Defense Reply at 5—6 (pdf pag.).

Footnote 6:The purportedly "superseding" accusatory instrument may not have had any legal effect when it was filed because the People were still missing a supporting deposition. As many trial courts have observed, the Criminal Procedure Law does not recognize a superseding complaint as a valid accusatory instrument. See People v. Rubio, 79 Misc 3d 1212(A), 2023 NY Slip Op. 50596(U), at *3 (N.Y.C. Crim. Ct., Queens Co. 2023) (Licitra, J.) (collecting cases). However, that line of decisions does not appear to prevent the subsequent conversion of an invalid, having-no-legal-effect superseding complaint into a valid superseding information, which is what happened here. Because the People have no need to rely on the earlier date of filing to show compliance, any delayed conversion does not affect their readiness.